IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES R. WISKIRCHEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3303 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Charles R. Wiskirchen's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). For the reasons set forth below, the Petition is denied.

On November 8, 2001, Wiskirchen was charged with conspiracy to manufacture 50 or more grams of methamphetamine and 500 or more grams of a mixture or substance containing methamphetamine in Count 1 of a Superseding Indictment, and with being a felon in possession of ammunition in Count 2. On March 1, 2002, Wiskirchen pleaded guilty to both Counts. On September 8, 2003, this Court sentenced Wiskirchen to

concurrent terms of 288 months imprisonment on Count 1, and 80 months on Count 2. Wiskirchen did not appeal his conviction or sentence. His conviction, thus, became final ten days after entry of the judgment, on September 19, 2003. Fed. R. App. P. 4(b)(1). Wiskirchen filed this Petition on December 16, 2005.

The Government argues that the Petition is barred by the one-year statute of limitations in § 2255. The Court agrees with the Government. Section 2255 states that a petition must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United State is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255 ¶ 6.

Wiskirchen raises two grounds for relief: (1) a miscarriage of justice

because he was incorrectly sentenced as a career offender; and (2) ineffective assistance of counsel at the sentencing hearing.  Wiskirchen knew the facts on which he relies on to support these claims at the time of his plea and sentencing hearings.  He cites no impediment by the Government that hindered him from filing earlier.  He also does not rely on any right that has been newly recognized and made retroactively applicable to cases on collateral review.  He raises a challenge based on <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The <u>Booker</u> decision does not apply retroactively for collateral review.  <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005).  The applicable date to begin measuring the one year statute, therefore, is the date that his conviction became final on September 19, 2003.  Wiskirchen did not file his Petition until December 16, 2005, more than one year after that date.  The Petition is therefore barred by the statute of limitations.

    Wiskirchen argues that the statute should be tolled because he has suffered a miscarriage of justice.  The miscarriage of justice standard is a principle that allows prisoners to proceed with claims that have been procedurally defaulted.  <u>E.g.</u>, <u>Schlup v. Delo</u>, 513 U.S. 298, 314 (1995).  Wiskirchen cites no authority holding that the principle applies to tolling

the statute of limitations, and the Court is not aware of any. Wiskirchen also cites <u>Johnson v. United States</u>, 544 U.S. 295 (2005). The <u>Johnson</u> case holds that when a prisoner bases his § 2255 petition on the fact that a prior conviction has been vacated, then under 28 U.S.C. § 2255 ¶ 6(4), the one-year time period may begin running on the date that the Defendant receives notice that the prior conviction was vacated. <u>Id.</u> at 307. Wiskirchen does not base his § 2255 Petition on a prior conviction that has been vacated. <u>Johnson</u>, therefore, does not apply. Wiskirchen's Petition is barred by the statute of limitations.

THEREFORE, Wiskirchen's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  July 14, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE